IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES BUSTAMONTE, | | |
| | Petitioner, | No. CIV S-08-2105 DAD P |
| vs. | | |
| D. ADAMS, | | <u>ORDER AND</u> |
| | Respondent. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his underlying conviction on the grounds that his March 31, 1995 plea of guilty to second degree murder in the Sacramento County Superior Court was invalid because it was based on the improper advice given him by his ineffective counsel and tainted by the trial court's failure to properly advise him. Before the court is respondent's motion to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations. Petitioner has filed his opposition and both parties have filed replies.

/////

/////

/////

1

I. Background

On March 31, 1995, petitioner pled guilty to second degree murder and was sentenced to an indeterminate term of 19 years to life in state prison. (Resp't's Lod. Doc. 1, lodged December 16, 2008.) Petitioner did not appeal from the judgment of conviction.

On May 23, 2007, petitioner filed a petition for writ of habeas corpus with the Sacramento County Superior Court. (Lod. Doc. 2) On July 18, 2007, the petition was denied. (Lod. Doc. 3.)

On November 5, 2007, petitioner filed a habeas petition with the California Court of Appeal for the Third Appellate District. (Lod. Doc. 4.) The petition was denied on November 8, 2007. (Lod. Doc. 5.)

On December 10, 2007, petitioner filed a habeas petition with the California Supreme Court. (Lod. Doc. 6.) The petition was denied on June 11, 2008. (Lod. Doc. 7.)

On September 2, 2008, petitioner filed his federal habeas petition. Petitioner claims that his counsel was ineffective in advising petitioner to accept a plea bargain, that counsel mischaracterized and mislead petitioner about his parole eligibility, that counsel and the court failed to properly inform petitioner as to the elements of a second degree murder plea, that counsel failed to ensure that petitioner fully understood the plea bargain and its consequences, and that his counsel was ineffective in failing to request, and the court violated due process by failing to conduct, a hearing to determine his competency to enter his plea.

I. Parties' Arguments

  A. Respondent's Motion

Respondent contends that petitioner's federal habeas petition was not filed within the applicable one-year statute of limitations and that petitioner did not exhaust the claims contained in his federal petition by presenting them to the California Supreme Court. As to the statute of limitations, respondent asserts that petitioner's judgment of conviction became final on May 30, 1995, which was when the 60-day time period for petitioner's filing of a state appeal

1   expired.  (MTD at 3.)  Since the AEDPA was enacted on April 24, 1996, after petitioner's
2   judgment of conviction became final, the statute of limitations for the filing of a federal habeas
3   petition began to run on April 24, 1996, and expired on April 24, 1997.  (Id.)  According to
4   respondent, petitioner's federal petition was filed more than eleven years later and is therefore
5   untimely unless he is entitled to tolling of the statute of limitations.  (Id.)  Respondent contends
6   that petitioner is not entitled to such tolling because his post-conviction collateral actions in state
7   court were all filed long after the expiration of the statute of limitations for the filing of a federal
8   petition.  (Id.)  In addition, respondent argues that both the Sacramento County Superior Court
9   and California Supreme Court denied the habeas petitions filed by petitioner in those courts as
10  untimely as indicated by their citation to In re Robbins, 18 Cal. 4th 770, 780 (1998).  (Id. at 4.)
11  Respondent asserts that because those state petitions were untimely, they were not properly filed
12  and statutory tolling under 28 U.S.C. § 2244(d)(2) does not apply.  (Id.)

13          Respondent also argues that petitioner has failed to exhaust his claims because the
14  California Supreme Court denied the habeas petition filed in that court citing the decisions in In
15  re Swain, 34 Cal. 2d 300, 304 (Cal. 1949) and People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995).
16  Respondent contends that the citation to those decisions indicates that the state petition was
17  deficient and failed to present the claims with sufficient particularity.  (MTD at 5.)  Respondent
18  argues that petitioner could have cured that deficiency but did not do so and therefore he has not
19  fairly presented his claims to the California Supreme Court.  Accordingly, respondent concludes
20  that the exhaustion requirement has not been satisfied.  (Id.)  Although a failure to exhaust would
21  in some instances suggest a dismissal without prejudice, respondent argues that here the statute
22  of limitations bar would make such dismissal futile and that dismissal should, therefore, be with
23  prejudice.  (Id.)

24      B.  Opposition

25          Petitioner opposes the motion to dismiss, asserting that because he was unaware
26  of the factual predicate underlying his habeas claims until he attended his parole hearing on April

3

2, 2007, the statute of limitations for the filing of a federal habeas petition did not begin to run until that date. (Opp'n at 2).[1]  Petitioner contends that at his parole hearing in April of 2007, he first discovered that his trial counsel was ineffective and deficient and that petitioner had been prejudiced as a result. (Id. at 2.)[2]  Petitioner contends that at his parole hearing "he learned his sentence was a[n] indeterminate life sentence and that he would not be granted parole as he believed he would be[.]" (Id. at 11.)  According to petitioner he then acted diligently by filing his post-conviction petitions following the parole hearing in April of 2007. (Id. at 3.)  Petitioner argues that there is no evidence that he failed to exercise due diligence in pursuing his claims and he notes that when he entered his guilty plea on the advice of counsel, he was an "18 year old minor" and lacking "common experience education or training[.]" (Id.)[3]

       Petitioner also challenges respondent's claims that he is not entitled to tolling of the statute of limitations, that he has procedurally defaulted, and that his claims are unexhausted. Lastly, petitioner contends that he is entitled to an evidentiary hearing on the issue of whether there is good cause to excuse any procedural default found by the court to exist. (Id. at 17.)

/////

/////

---

[1] Petitioner has not numbered the pages of his opposition. Therefore, the court will use the page numbers from the court's electronic filing system.

[2] In this regard, petitioner states:

> [T]he date on which petitioner discovered the factual predicate of a claim of ineffective assistance of counsel, (I.A.C.) was not the date on which he became aware of the facts that suggested his trial attorney's performance might have been somewhat deficient [but] [sic] the date on which he became aware of the facts that allowed him to assert in objective good faith that he was prejudiced by counsel's deficient performance[.]

(Opp'n at 5-6.)

[3] According to records from the California Department of Corrections and Rehabilitation (CDCR), petitioner's was born on December 11, 1975. (Resp't's Lod. Doc. 8, lodged Mar. 10, 2009.)  Therefore, petitioner was 19 years old when he was sentenced in 1995.

C.  <u>Parties' Replies</u>

In reply to petitioner's opposition, respondent asserts that § 2244(d)(1)(D) provides that the limitation period runs from the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  (Resp't Reply at 3.) According to respondent, the statute of limitations for the filing of a federal petition began to run when the predicate facts became known to petitioner, not when their legal significance was discovered.  (<u>Id.</u>)  Respondent argues that petitioner has provided no documentation in support of his contention that he was unaware of the indeterminate nature of his sentence for over twelve years after that sentence was imposed.  (<u>Id.</u>)  In addition, respondent argues that the Sacramento County Superior Court noted in denying him habeas relief that petitioner was present at sentencing where he was told that he was being committed to state prison for a term of 19 years to life.  Thus, according to respondent, the facts giving rise to petitioner's current claims were known by petitioner or should have been known by him since 1995.  (<u>Id.</u>)  Respondent also asserts that the CDCR provided petitioner with an intake summary and five legal status summaries prepared in 1996, 1999, 2000, 2001, and 2007, all of which indicated that he had received an indeterminate prison term of 19 years to life.  (<u>Id.</u> at 4; Resp't's Lod. Doc.8.) Respondent argues that the factual predicate for petitioner's current habeas claims were all known to him early on and that the point at which he discovered the legal significance of those facts is irrelevant to the statute of limitations analysis.  (<u>Id.</u>)  Finally, respondent again argues that because petitioner's state habeas petitions were all filed after the limitations period for the filing of a federal petition had expired, those state petitions have no tolling effect.  (<u>Id.</u> at 5.)

Petitioner has filed an unauthorized reply in response to respondent's reply, which the court will nonetheless consider.  Therein petitioner asserts that although he was sentenced to a term of 19 years to life in state prison, at no time did his counsel or the trial judge explain to him that he would be imprisoned for the rest of his life.  (Pet'r Reply at 2.)  Petitioner argues that when he agreed to plead guilty, he was only seventeen years old, the guilty plea was not

discussed with his mother, and he was told that if he did not plead guilty, he would face the death penalty.[4] (Id.) According to petitioner, his attorney told him that if he plead guilty, he would be paroled at the age of 31. (Id.) As to the CDCR forms referred to by respondent, petitioner argues that they do not establish that he knew he had been sentenced to an indeterminate prison term. (Id. at 4.) Petitioner reiterates his claim that he did not learn until his 2007 parole hearing that he could spend the rest of his life in prison pursuant to his conviction. (Id.)

II. Analysis

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

/////

---

[4] As noted above, petitioner was 19 years old when sentenced. It therefore appears unlikely that petitioner was 17 years old when he agreed to enter his guilty plea.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

The court must determine when the statute of limitations began to run. In this case, because the AEDPA was enacted on April 24, 1996 after petitioner's judgment of conviction became final, the statute of limitations for the filing of a federal habeas petition began to run on April 24, 1996 and expired on April 24, 1997, unless there is tolling. See Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001) ("For prisoners such as Hasan whose convictions became final before AEDPA was enacted, we have held that unless a subsection of Section 2244(d) calls for a later initiation of the limitations period, the clock began to run on the statute's April 24, 1996 effective date[.]").

As noted above, petitioner argues that the statute of limitations did not begin to run until April 2, 2007, twelve years after he was sentenced, when he allegedly first discovered the impact of his guilty plea. Petitioner relies on the decision in Hasan v. Galaza in support of his argument. Petitioner's argument is unpersuasive and his reliance on the decision in Hasan is misplaced. In Hasan the petitioner sought federal habeas relief, claiming that his counsel had been ineffective by failing to investigate jury misconduct. The petitioner argued that the statute of limitations for filing his federal petition did not commence until he had discovered that there was a romantic relationship between a prosecution witness and a juror in his case. The Court of Appeals agreed and concluded that until petitioner discovered this critical information upon which his claim was based he did not have any ground upon which to state a claim nor could he show any prejudice, an essential element of an ineffective assistance claim. Id at 1154. As one district court has explained, the factual predicate for the claim in Hasan, namely the witness misconduct, "was carefully and actively hidden away by the persons involved, and it was only through a stroke of fortune that the proof did not remain forever buried." Flores v. Hedgpeth, No. CV 08-03329 SJO (RZ), 2008 WL 4196629, at *5 (C.D. Cal. Sept. 10, 2008).

In contrast, here, petitioner was aware at the time of his sentencing that his counsel advised him that it was in his best interest to enter a guilty plea to second degree murder and that he was being sentenced to a term of 19 years to life in state prison. Petitioner's allegation that his counsel had also predicted that he would be released at the age of 31 and that petitioner never realized that his 19 years to life term was an indeterminate prison sentence, demonstrates at most a misunderstanding by petitioner about the legal significance of his sentence. It is not the discovery of a factual predicate for an ineffective assistance of counsel claim. As another judge of this court has observed under similar circumstances:

> Here, Petitioner was clearly aware of the conduct of both trial and appellate counsel giving rise to his claims for ineffective assistance during and immediately after their representation of him. Similarly, Petitioner was aware of the fact of the trial court's sentencing of Petitioner at the time it occurred. That Petitioner failed to appreciate the legal significance of these known facts does not justify equitable tolling.

Isabello v. Clark, No. 1:08-cv-01597-TAG (HC), 2008 WL 5070058, at *4 ( E.D. Cal. Nov. 26, 2008). Thus, it is clear, as argued by respondent, that the AEDPA statute of limitations does not begin to run when a habeas petitioner understands the legal significance of the facts of in his case. Put another way, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan 254 F.3d at 1154 n.3 (citation and internal quotations omitted). See also Alcox v. Hartley, 614 F. Supp. 2d 1064, 1070-71 (C.D. Cal. 2009) (same); Jones v. Marshall, No. CV 09-0233-GHK (JTL), 2009 WL 2189892, at *5 (C.D. Cal. July 17, 2009) (same); Flores, 2008 WL 4196629, at *3 ("The law cannot permit different limitations-period starting dates for some petitioners than for others based on their varying degrees of legal sophistication."); Plasencia v. Barkley, No. 05-CV-1722 (SLT) (LB), 2008 WL 4185879, at *2 (E.D.N.Y. Sept. 9, 2008) ("The relevant date for [28 U.S.C. § 2244(d)(1)] subsection (D) is when the petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim.") (citation and quotation marks omitted).

The factual predicate for each of petitioner's claims were known to him in 1995 at the time of his sentencing. The statute of limitations for the filing of his federal habeas petition, therefore, began to run on April 26, 1996, when the AEDPA was enacted. Because the AEDPA statute of limitations expired long before petitioner filed any of his state habeas petitions, the filing of those state petitions did not toll the statute of limitations for the filing of the pending federal petition. In light of the court's determination that respondent's motion to dismiss should be granted because the petition is time-barred, the court need not address the issue of exhaustion of state remedies.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 16, 2008 motion to dismiss (Doc. No. 8), be granted as barred by the statute of limitations; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised

/////
/////
/////
/////
/////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 31, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bus2105.mtd